**IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
Alexandria Division**

| | |
|---|---|
| RAMISH AMIRI, | ) |
| | ) |
| *Petitioner,* | ) |
| | ) |
| v. | )   1:25-cv-2321 (PTG/WEF) |
| | ) |
| JOSEPH SIMON, *et al.* | ) |
| | ) |
| *Respondents.* | ) |
| | ) |

## <u>ORDER</u>

This matter comes before the Court on Petitioner Ramish Amiri's Petition for a Writ of Habeas Corpus (the "Petition"). Dkt. 1. Petitioner is a citizen of Afghanistan, who entered the United States without inspection in approximately 2022. *Id.* ¶¶ 16, 43. According to the Petition, on or about December 10, 2025, Petitioner was arrested by Immigration and Customs Enforcement ("ICE") officers during an ICE check-in that Petitioner appeared at voluntarily. *Id.* ¶ 44. Petitioner has remained detained in federal immigration custody at the Riverside Regional Jail, which is within this Court's jurisdiction. *Id.* ¶ 1. Petitioner now brings suit against Jeffrey N. Dillman, Superintendent of the Riverside Regional Jail, and others, alleging that his continued detention violates his constitutional rights. *Id.* ¶¶ 17-22. On January 13, 2026, Petitioner and his counsel appeared before an Immigration Judge ("IJ") for a hearing pursuant to Petitioner's request for custody redetermination. Dkt. 11. At the hearing, the IJ denied Petitioner release on bond for lack of jurisdiction. *Id.* Respondents contend that Petitioner's detention is mandatory under 8 U.S.C. § 1225(b)(2)(A). Dkt. 7. Upon consideration of the Petition (Dkt. 1), Respondents' Opposition (Dkt. 7), Petitioner's Proposed Release Plan (Dkt. 3), Petitioner's Notice of Supplemental

Authority (Dkt. 8), and Petitioner's Status Report Regarding the Bond Hearing Outcome (Dkt. 11), the Court concludes that Petitioner is entitled to a bond hearing. Thus, the Petition is **GRANTED**.

The central issue in this case is whether Petitioner is an "applicant for admission" and subject to mandatory detention under § 1225(b)(2) or whether his detention is governed by § 1226(a). An IJ determined that Petitioner is subject to detention under 8 U.S.C. § 1225(b)(2), and that the immigration court did not have jurisdiction to issue a bond under the Board of Immigration Appeals' ("BIA") decision in *Matter of Yajure-Hurtado*, 29 I. & N. Dec. 216, 218-19 (BIA 2025)). Dkt. 11-1. Likewise, Respondents assert that any immigrant without lawful status, including Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2)(A). Dkt. 7.

The Court finds that Petitioner is not an "applicant for admission" and is therefore not subject to detention under 8 U.S.C. § 1225(b). This Court rejects Respondents' assertion that any immigrant without lawful status, including the Petitioner, is subject to mandatory detention under 8 U.S.C. § 1225(b)(2). *See* Dkt. 7. This Court, and others in this District, have repeatedly rejected Respondents' assertion. *See, e.g., Hasan v. Crawford*, No. 1:25-cv-1408, 2025 WL 2682255, at *5-9 (E.D. Va. Sept. 19, 2025); *Quispe-Ardiles v. Noem*, No. 1:25-cv-1382, 2025 WL 2783800, at *6 (E.D. Va. Sept. 30, 2025); *Garcia v. Noem*, No. 1:25-cv-1712, 2025 WL 3111223, at *3 (E.D. Va. Nov. 6, 2025). Courts outside of this jurisdiction have also been unequivocal in their rebuff of Respondents' actions. *See Echevarria v. Bondi*, 2025 WL 2821282, at *4 (D. Ariz. Oct. 3, 2025) ("[M]any district courts across the country have grappled with the same issue, and it appears that all but one of them has rejected Respondents' position."). To be clear, "§ 1225 applies to arriving aliens whereas § 1226 generally governs the process of arresting and detaining aliens present in the United States pending their removal." *Hasan*, 2025 WL 2682255, at *6 (quotation marks omitted) (quoting *Rodriguez v. Perry*, 747 F. Supp. 3d 911, 916 (E.D. Va. 2024)).

2

Petitioner has continuously resided in the United States since approximately 2022.[1] Dkt. 1 ¶ 48. Accordingly, Petitioner is entitled to an immediate bond hearing under § 1226(a), and its implementing regulations, before an immigration judge.

Accordingly, it is hereby

**ORDERED** that the Petition for Writ of Habeas Corpus (Dkt. 1) is **GRANTED**; it is further

**ORDERED** that Petitioner be immediately released from custody, with all his personal property, pending his bond hearing before an immigration judge. Petitioner must live the fixed address identified in his Proposed Release Plan (Dkt. 3) and must appear at the bond hearing once the government notifies him of its date, time, and location; it is further

**ORDERED** that Respondents must provide Petitioner with a standard bond hearing pursuant to 8 U.S.C. § 1226(a) within fourteen (14) days of the date of this Order; it is further

**ORDERED** that Respondents are **ENJOINED** from denying Petitioner release on bond on the basis that he is subject to mandatory detention pursuant to 8 U.S.C. § 1225(b)(2); it is further

**ORDERED** that Respondents—along with their officers, agents, servants, employees, attorneys, successors, and assigns, and all persons acting in concert with them—be and are **ENJOINED** from rearresting Petitioner unless he has committed a new violation of any federal, state, or local law, or has failed to attend any properly noticed immigration or court hearing, or pursuant to 8 U.S.C. § 1231(a)(2); and it is further

**ORDERED** that the parties shall file a status report on the status of Petitioner's bond hearing within three (3) days of the bond hearing. The status report shall detail when the bond hearing occurred, if the bond was granted or denied, and if denied, the reasons for that denial.

---

[1] Additionally, the Petition alleges, and Respondents have not disputed, that "Petitioner has no criminal history." Dkt. 1 ¶ 44.

3

The Clerk is directed to enter judgment in Petitioner's favor pursuant to Federal Rule of

Civil Procedure 58, forward copies of this Order to counsel of record, and close this civil action.

Entered this 15th day of January, 2026.
Alexandria, Virginia

_____ /s/
Patricia Tolliver Giles
United States District Judge

4